FILED
United States Court of Appeals
Tenth Circuit

July 30, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JUAN PABLO CHARRE,

      Defendant - Appellant.

No. 15-5037
(D.C. No. 4:14-CR-00184-GKF-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **McHUGH**, Circuit Judges.

Pursuant to a plea agreement with a broad appeal waiver, Juan Pablo Charre

pleaded guilty to possession of methamphetamine with intent to distribute, in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). The district court sentenced

him to 84 months' imprisonment and entered judgment. Despite his appeal waiver,

Mr. Charre filed a pro se notice of appeal. The government has moved to enforce the

---

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

We appointed counsel to represent Mr. Charre in this matter. Counsel filed a response stating a belief that opposing the motion to enforce would be frivolous and moved to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We gave Mr. Charre an opportunity to respond, but he has not done so. Our resolution of the case is, therefore, based on the government's motion to enforce, Mr. Charre's counsel's representation that opposition to the government's motion is frivolous, and our independent review of the record.

In *Hahn*, 359 F.3d at 1325, we held that we would enforce appeal waivers as long as three conditions were met: (1) the matter on appeal "falls within the scope of the waiver"; (2) the defendant-appellant "knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver will not "result in a miscarriage of justice." Pursuant to our obligation under *Anders*, 386 U.S. at 744, we have undertaken a searching review of the record in this case. That review unequivocally demonstrates that the *Hahn* factors favor enforcing Mr. Charre's waiver of appellate rights. Accordingly, we dismiss the appeal on the basis of *Hahn*. Counsel's motion to withdraw is granted.

Entered for the Court
Per Curiam

- 2 -